1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   STEVEN EUGENE THURMAN,                    No.  2:22-CV-0508-DMC-P

12                  Plaintiff,

13          v.                                              ORDER

14   J. MARGUINA, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Defendants' unopposed motion to compel.  See

19   ECF No. 38.

20          The purpose of discovery is to "remove surprise from trial preparation so the

21   parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.

22   Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

23   26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

24   permitted:

25          Parties may obtain discovery regarding any nonprivileged information that
            is relevant to any party's claim or defense and proportional to the needs of
26          the case, considering the importance of the issues at stake in the action, the
            amount in controversy, the parties' relative access to relevant information,
27          the parties' resources, the importance of the discovery in resolving the
            issues, and whether the burden or expense of the proposed discovery
28          outweighs its likely benefit. Information within this scope of discovery

                                                    1

1    need not be admissible in evidence to be discoverable.

2    Fed. R. Civ. P. 26(b)(1).

3    Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

4    may move for an order compelling an answer, designation, production, or inspection." Fed. R.

5    Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

6    incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

7    discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

8    Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

9    Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

10    Under Rule 37, the party moving to compel bears the burden of informing the

11    court (1) which discovery requests are the subject of the motion to compel, (2) which of the

12    responses are disputed, (3) why the party believes the response is deficient, (4) why any

13    objections are not justified, and (5) why the information sought through discovery is relevant to

14    the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist.

15    LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-

16    5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27,

17    2008).  Rule 37 also requires the moving party to meet and confer with the opposing party.  See

18    Fed. R. Civ. P. 37(a)(1).

19    In this case, Defendants served interrogatories, requests for production of

20    documents, and requests for admissions on Plaintiff on April 19, 2023.  See ECF No. 38-1

21    (declaration of defense counsel); see also ECF Nos. 38-1 (Exhibit A, interrogatories), 38-2

22    (Exhibit B, requests for production), and 38-3 (Exhibit C, requests for admissions).  On June 13,

23    2023, defense counsel took Plaintiff's deposition at which time counsel offered Plaintiff an

24    additional 45 days to serve discovery responses.  See ECF No. 38-1 (declaration of defense

25    counsel); see also ECF No. 38-4 (Exhibit D, transcript of Plaintiff's deposition).  As of the date of

26    filing of Defendants' motion to compel on October 19, 2023, Plaintiff had not served discovery

27    responses.  See ECF No. 38-1 (declaration of defense counsel).

28    / / /

2

1    Given Plaintiff's failure to respond to written discovery within the time permitted,

2 the Court finds that Defendants have met their burden of demonstrating that an order compelling

3 Plaintiff to provide responses is warranted.  Plaintiff shall be ordered to serve written responses to

4 Defendants' interrogatories and requests for production, without objection, <u>see</u> Fed. R. Civ. P.

5 33(b)(4) and Fed. R. Civ. P. 37(c)(1)(C), and to produce responsive documents.  The Court will

6 also order that Defendants' requests for admissions are deemed admitted, <u>see</u> Fed. R. Civ. P.

7 36(a)(3).

8    Accordingly, IT IS HEREBY ORDERED as follows:

9    1.  Defendants' unopposed motion to compel, ECF No. 38, is GRANTED.

10    2.  Within 30 days of the date of this order, Plaintiff shall serve on Defendants

11 responses to Defendants' interrogatories and requests for production of documents, without

12 objection, and produce responsive documents.

13    3.  Defendants' requests for admissions are deemed admitted.

14    4.  Discovery in this action, other than the discovery ordered herein, is

15 CLOSED.

16    5.   Dispositive motions are due within 90 days of the date of this order.

17

18 Dated:  June 17, 2024

19          _____

20          DENNIS M. COTA
           UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28