IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN EUGENE THURMAN,<br><br>Plaintiff,<br><br>v.<br><br>J. MARGUINA, et al.,<br><br>Defendants. | No. 2:22-CV-0508-DMC-P<br><br><br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion for terminating sanctions based on Plaintiff's non-compliance with this Court's June 17, 2024, order directing Plaintiff to respond to Defendants' requests for written discovery. See ECF No. 47. Plaintiff has not filed an opposition.

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate

1  sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,
2  833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where
3  there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
4  1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules,
5  see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see
6  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court
7  and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439,
8  1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d
9  1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943,
10  948 (9th Cir. 1993).

11  　　　　　Here, Defendants filed a motion to compel discovery responses.  See ECF No. 38.
12  On June 17, 2024, the Court issued an order granting Defendants' motion, deeming matters
13  admitted, and directing Plaintiff to serve responses to Defendants' interrogatories and requests for
14  production of documents within 30 days.  See ECF No. 43.  As of the filing of Defendants'
15  motion for terminating sanctions in October 2024, Plaintiff has not complied.  Nor has Plaintiff
16  filed anything since that date indicting that he has complied with the Court's June 17, 2024, order.

17  　　　　　Having considered the factors outlined above, the Court finds that dismissal is an
18  appropriate sanction.  Given Plaintiff's pro se and indigent status, a less drastic sanction would
19  not be effective.  The Court also finds that Plaintiff's failure to respond to Defendants' written
20  discovery risks substantial prejudice to Defendants.  Additionally, Plaintiff's failure to respond to
21  discovery in this case thwarts the Court's ability to manage its docket as well as the public's
22  interest in speedy resolution of this case on the merits.
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Based on the foregoing, the undersigned orders and recommends as follow:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that Defendants' motion for terminating sanctions, ECF No. 47, be granted and that this case be dismissed without prejudice.

3. It is further RECOMMENDED that all other pending motions, ECF Nos. 50 and 51, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 21, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3